10-2498-ag
Yang v. Holder

BIA
Abrams, IJ
A078 746 807

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22ND day of June, two thousand eleven.

PRESENT:
>        ROGER J. MINER,
>        REENA RAGGI,
>        RICHARD C. WESLEY,
>             *Circuit Judges.*

_____

YOU HAO YANG,
>        *Petitioner,*

>        v.                                    10-2498-ag
                                               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Jennifer Levings, Senior
                         Litigation Counsel; Tim Ramnitz,
                         Attorney, Office of Immigration
                         Litigation, Civil Division, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner You Hao Yang, a native and citizen of the People's Republic of China, seeks review of a June 1, 2010 order of the BIA affirming the June 27, 2008 decision of Immigration Judge ("IJ") Steven R. Abrams, denying Yang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re You Hao Yang*, No. A078 746 807 (B.I.A. June 1, 2010), *aff'g* No. A078 746 807 (Immigr. Ct. N.Y. City June 27, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review only the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B) (2006); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I. Past Persecution**

The BIA reasonably concluded that Yang failed to establish his eligibility for relief. Although Yang asserts that the BIA erroneously concluded that the harm that his

mother suffered did not rise to the level of persecution, Yang has not alleged that he was harmed or threatened as a result of his Christian religion. To the extent Yang argues that he suffered past persecution based on the harm his mother suffered, "an asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member on account of that family member's political opinion or other protected characteristic." *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007); *see also Melgar de Torres v. Reno,* 191 F.3d 307, 313 n.2 (2d Cir. 1999). Although in rare cases it may be possible to establish asylum eligibility based on harm that an applicant suffered only indirectly or that was directed at an applicant's relatives, *see, e.g., Jorge-Tzoc v. Gonzales*, 435 F.3d 150 (2d Cir. 2007) (per curiam) (holding that the asylum applicant may have experienced persecution even though he was not present at, or directly victimized by, a massacre in his village based on a combination of factors, including suffering extensive physical and emotional consequences as a result of the incident), Yang has not claimed to have suffered any consequences from his mother's alleged persecution.

**II. Well-Founded Fear of Future Persecution**

3

The BIA reasonably concluded that Yang failed to demonstrate an objectively reasonable fear of future persecution based on his Christian religion. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (holding that absent past persecution, an applicant can demonstrate eligibility for asylum based on a well-founded fear of future persecution by demonstrating that he subjectively fears persecution and that this fear is objectively reasonable). The BIA did not err in considering that Yang did not claim that others from his church in China were persecuted. *See Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985) (holding that the BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive"), *overruled, in part, on other grounds*, *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *see also Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 340–41 (2d Cir. 2006) (holding that to constitute persecution, the harm must be sufficiently severe, rising above "mere harassment"). As Yang does not point to anything in the record to support his claim that he and his fellow church members were unable to practice their religion, despite the officials having destroyed the church

4

that they were in the process of building, or that his fellow church members suffered any other harm, the BIA's finding was reasonable.

Additionally, there is no merit to Yang's contention that the BIA failed either to consider all of the evidence or sufficiently explain why it did not credit his testimony that Chinese authorities were aware that he was Christian or involved in building an underground church and that he would evangelize if he returned to China. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (holding that the agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (internal quotation marks omitted)); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Although Yang argues that the BIA did not review the State Department Reports in their entirety, the BIA specifically acknowledged that the reports indicate restraints on the practice of religion in China, but the BIA noted that the reports also provide that the authorities often ignore small house churches, such as the one to which Yang belonged. Yang

5

cites a portion of the 2007 International Religious Freedom Report, which he claims the BIA ignored and which indicates that local officials interfered with house church meetings. However, the report also indicates that "[t]reatment of unregistered groups varied regionally," that only some groups were harassed, and that it was primarily church leaders who were subject to harsher treatment. Moreover, the report does not include any information regarding house churches in Yang's province of Fujian.

With regard to the BIA's finding that there was a lack of evidence that Yang was known to the police, Yang stated only that he believed that Chinese authorities were aware of his past Christian activities, and he did not, and does not now, point to any evidence in support of that claim. Moreover, Yang testified that he would not be arrested immediately if he were sent back to China because he was not a fugitive. The BIA also reasonably concluded that there was no reason to believe that Yang would evangelize if he returned to China because the record shows that Yang did not preach or evangelize in the United States, and he did not regularly evangelize while he was in China. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (holding that, absent solid support in the record for the

petitioner's assertion that he would be subjected to persecution, his fear was "speculative at best"). Because the BIA reasonably concluded that there was no basis to conclude that he would evangelize, Yang's reliance on any harm suffered by his mother for her evangelical activities is not evidence that he has an objectively reasonable fear of persecution.

Lastly, the BIA did not apply an erroneously high standard of proof by requiring Yang to demonstrate that the Chinese authorities were aware that he was Christian. Yang mischaracterizes the BIA's decision. The BIA found not only that there was no evidence that Chinese authorities were aware of who he was but also that there was no evidence that Chinese authorities would become aware of his activities when he returned to China because there was no reason to believe that he would evangelize in China, fellow members of his church in China had not been persecuted, and his mother had not been arrested again. Since the BIA did not apply an improper standard of proof to Yang's claim of a well-founded fear of persecution based on his Christian beliefs, Yang fails to establish that the BIA erred in concluding that he did not meet his burden of establishing that he had an objectively reasonable fear of persecution. *See*

*Ramsameachire*, 357 F.3d at 178.

Accordingly, as Yang is unable to establish the objective likelihood of persecution needed to make out an asylum claim based on his Christian beliefs, he is necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and CAT relief, as all three claims rest on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 155–56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8